# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BENJAMIN H. CUTSINGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 17-1020-JTM** |
| ) | |
| **CITY OF EL DORADO, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3). For the reasons set forth below, the Court recommends the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and this case be dismissed.

## I.   Recommendation of Denial of *In Forma Pauperis* Status

Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[1] Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[2] An affidavit of financial status must be submitted with an application to proceed *in forma pauperis*.[3] Particularly in civil cases for damages, "courts should

---

[1] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998).

[2] *Id.* (citing 28 U.S.C. § 1915(a)(1)).

[3] *Id.* (citing 28 U.S.C. § 1915(a)(1)).

grant the privilege 'sparingly,'"[4] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[5]  Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[6]  But the decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court.[7]

This Court has carefully reviewed Mr. Cutsinger's affidavit of financial status and cannot conclude whether he presently qualifies to proceed without payment of fees.  He discloses he is currently employed by a publishing company[8] as an author but lists no income (ECF No. 3-1, Section II.A).  Although he states he has received unemployment benefits and income from other government sources (ECF No. 3-1, Section III.D), he left the dollar amounts blank.  Both incomplete sections leave the Court guessing whether he is actually employed, and what income he receives on a monthly basis, if any.  Additionally, he included no monthly housing costs (ECF No. 3-1, Section IV.A) and minimal monthly obligations.  Although he does list other debts (ECF No. 3-1, Section IV.D), the first line is illegible, and none of the obligations listed reflect a monthly payment amount.

---

[4] *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).

[5] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1.

[6] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs*, 1997 WL 321289, at *8).

[7] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[8] The name of the publishing company is illegible.

Due to Mr. Cutsinger's failure to provide the above information, the Court considers his financial affidavit incomplete. Although the Court could order Mr. Cutsinger to supplement his affidavit in order to more fully ascertain his financial status, such efforts appear futile considering the Court's recommendation of dismissal below.

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Mr. Cutsinger's motion to proceed without payment of fees.[9] Accordingly, the undersigned magistrate judge issues this report and recommendation that the motion to proceed without prepayment of fees be denied for the reasons stated above, pending review of the recommendation of dismissal.

**IT IS THEREFORE RECOMMENDED** that the Motion to Proceed without Prepayment of Fees (**ECF No. 3**) be **DENIED**.

## II.    Recommendation of Dismissal Based on Sufficiency of Complaint

Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of this case is required if the Court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[10] Furthermore, "[i]f the court determines at any time that it lacks subject-matter

---

[9] *See Lister,* 408 F.3d at 1312 (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

[10] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)) (citing language contained in § 1915(d), prior to the statute's amendment in 1996).

jurisdiction, the court *must* dismiss the action."[11]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court reviews the sufficiency of Mr. Cutsinger's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[12]  Because Mr. Cutsinger proceeds pro se, his pleadings must be liberally construed.[13]  However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[14] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[15]  He "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[16]    Additionally, he must present a reasoned claim demonstrating an arguable basis in both law and fact.[17]

In Mr. Cutsinger's brief statement of his claims, he alleges the municipal court of the City of El Dorado ("the City") is upholding false statements by the El Dorado police. He also complains of an unjustified arrest by the police department.  As relief, he asks

---

[11] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

[12] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[13] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[14] *Id*.

[15] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[16] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *See Harris v. Campbell*, 804 F. Supp. 153, 154 (D. Kan. 1992) (defining "frivolous" as an "inarguable legal conclusion" or "fanciful factual allegation") (citing *Neitzke v. Williams,* 490 U.S. 319 (1989)); *see also Parker v. Gosmanova*, 335 F. App'x 791, 793 (10th Cir. 2009) (dismissing appeal because the pleadings "lack an arguable basis in law and fact").

this Court to award monetary damages and to monitor and sanction the City government "for the remainder of the forth-coming administration of President Elect Donald Trump." (Compl., ECF No. 1, at 4.) He asserts this court has original jurisdiction over his claims under 28 U.S.C. § 1331 because the case arises under a federal statute, 18 U.S.C. § 1511. He also claims the Court has jurisdiction under 28 U.S.C. § 1343 because the City violated his civil rights, and his claims arise under the Fifth Amendment to the U. S. Constitution.

As an initial consideration, Mr. Cutsinger does not provide sufficient allegations to support this Court's exercise of jurisdiction over his claims. Because "federal courts are of limited jurisdiction, they must have a statutory basis" to exert power over a dispute.[18] Although Mr. Cutsinger claims his case arises under federal law, the statute he cites—18 U.S.C. § 1511—defines the federal crime of obstruction with the intent to facilitate an illegal gambling business. He provides no allegations to suggest the City is somehow involved with illegal gambling. Therefore, not only does this statute appear inapplicable to his claims, but as a private citizen, Mr. Cutsinger has no authority to bring a criminal case.[19] Additionally, though he claims his civil rights have been violated, he offers no facts to describe what specific rights have been violated and in what manner. He refers to

---

[18] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).

[19] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

violation of his rights under the Fifth Amendment, but again, he neither identifies the particular right violated nor provides factual details to support his claim. After careful review, and being mindful that he proceeds on a pro se basis, the Court finds Mr. Cutsinger has failed to allege a factual basis for this Court to assume subject-matter jurisdiction over his claims. Therefore, it is recommended that the Court dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject-matter jurisdiction were not dispositive, Mr. Cutsinger offers no plausible claim upon which this federal court could provide relief. As described, the Complaint neither articulates his specific rights violated nor contains facts to support his claims. On the face of the Complaint, Mr. Cutsinger neither pleads "enough facts to state a claim for relief that is plausible on its face,"[20] nor presents a rational argument on the facts or law in support of his claim.[21] It is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[20] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[21] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

**IT IS FURTHER RECOMMENDED** that, because Mr. Cutsinger's Affidavit of Financial Status is incomplete, his Motion to Proceed without Prepayment of Fees (**ECF No. 3**) be **DENIED**.  However, his obligation to pay the filing fee is suspended pending the District Judge's review of this recommendation.

**IT IS FURTHER ORDERED** that Mr. Cutsinger will be notified of the filing of this recommendation at the email address provided to the Court because Mr. Cutsinger is a registered participant in the Court's electronic filing system.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Mr. Cutsinger may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[22]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 10th day of March 2017.

　s/ Gwynne E. Birzer　　　　　　　
GWYNNE E. BIRZER
United States Magistrate Judge

---

[22] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).